**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STUEVE SIEGEL HANSON LLP**   08 CV 01274
George A. Hanson (*Pro Hac Vice Motion Forthcoming*)
Virginia Stevens Crimmins (*Pro Hac Vice Motion Forthcoming*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RECEIVED FEB 07 2008 U.S.D.C. S.D.

| | |
|---|---|
| GEORGE RAIKOS, individually and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>JP. MORGAN CHASE & CO,<br><br>Defendant. | **Class Action Complaint**<br><br>Case No. _____ |

Plaintiff George Raikos ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, for his Complaint against Defendant J.P. Morgan Chase & Co. ("Defendant") hereby states and alleges as follows:

1. Defendant provides financial services – including banking, lending, and credit card services – to consumers nationwide. Defendant's policy and practice is to willfully deny earned wages, including overtime wages, to its loan officers in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law.

2. Plaintiff, and all other similarly situated employees, worked as loan officers at various Defendant offices located in the state of New York. Plaintiff brings this lawsuit as a collective action under the FLSA and as a Federal Rule of Civil Procedure 23 ("Rule 23") class action under the New York Labor Laws ("NYLL"), and Article 19, §§680 *et seq.* Plaintiff seeks

to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed by Defendant in the state of New York who did not previously execute a valid release.

## JURISDICTION AND VENUE

3.  The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.  This Court has jurisdiction over Plaintiff's claims for violations of the New York Labor Laws, pursuant to (1) 28 U.S.C. § 1332 (d) because the Plaintiff and Class Members are residents of a different state than the Defendant and, upon information and belief, the amount in controversy exceeds $5 million and, (2) 28. U.S.C. § 1367 because the state statutory claims are so related to the FLSA claim that they form part of the same case or controversy.

5.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

6.  Defendant "is a leading global financial services firm with assets of $1.6 trillion and operations in more than 50 countries." http://www.jpmorganchase.com/cm/Satellite?c=Page&cid=1159304834085&pagename=jpmc/Page/New_JPMC_Homepage. Defendant offers mortgage products to consumers in the state of New York and nationwide. Defendant is a Delaware corporation with its principal place of business in New York. Defendant can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

7.  Plaintiff was formerly employed by Defendant as a loan officer in New York during the past six years.

8. Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216 (b) is attached hereto as Exhibit A.

## FACTS

9. Defendant operates numerous mortgage offices throughout the state of New York.

10. A primary function of these mortgage offices was and is to originate residential mortgage loans for Defendant.

11. Plaintiff and all other similarly situated persons are current and former loan officers employed by Defendant in the state of New York.

12. All loan officers employed by Defendant over the last six years had the same primary job duty.

13. The primary job of loan officers was to sell Defendant's mortgage products to potential borrowers.

14. Loan officers used leads, including internal leads, to make contact with potential customers via the internet, including through email, or the telephone. When customers indicated interest in obtaining mortgages from Defendant, loan officers collected information from the customers and used it to complete a loan application and forward the application to loan underwriters for approval decisions.

15. Loan officers had no authority or discretion to approve or disapprove a loan.

16. Loan officers worked primarily in the office selling Defendant's mortgage products.

17. Defendant classified all loan officers, including Plaintiff, as exempt from the protections of the FLSA and the NYLL.

18. During the past six years, Plaintiff and other similarly situated persons regularly worked far in excess of forty hours per week.

19. For much of the relevant period, Defendant did not maintain accurate time records with respect to loan officers, as required by the FLSA and New York Labor Laws.

20. Defendant's recordkeeping policies and practices applied to all loan officers in the same way.

21. Plaintiff and all similarly situated employees were compensated according to the same compensation policies and practices – principally by commission.

22. Defendant also allowed each loan officer to take a recoverable draw, which was deducted against earned commissions. If the loan officer did not earn sufficient commissions to cover the draw, he had to repay the draw.

23. Upon information and belief, during some workweeks, Defendant paid loan officers less than the FLSA and NYLL minimum wages.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

24. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

25. The FLSA claim may be pursued by those loan officers employed by Defendant in the state of New York who opt-in to this case, pursuant to 29 U.S.C. § 216(b) and who have not signed a valid release agreement (the "FLSA Collective"). This collective action expressly excludes any loan officers who have executed valid release agreements with Defendant.

26. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's failure to accurately record all hours worked, and its failure to pay proper overtime compensation.

27. The number, identity, and contact information of the members of the FLSA Collective may be determined from Defendant's records. Members of the FLSA Collective may easily and quickly be notified of the pendency of this action.

28.   Plaintiff also brings claims for violations of New York's wage and hour laws (Counts II and III) as a class action pursuant to pursuant to Rule 23, on behalf of himself and as a representative of a class of similarly situated persons:

> all current and former loan officers employed by Defendant in the state of New York within the last six (6) years who have not previously executed a valid release with Defendant.

(the "Rule 23 Class").

29.   Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a Rule 23 class action.

30.   There are questions of fact and law common to Plaintiff and the members of the Rule 23 Class that predominate over any questions affecting only individual class members. The questions of law and fact common to Plaintiff and the members of the Rule 23 Class include, without limitation, the following:

a.   Whether Defendant had a policy and practice of not accurately recording all hours worked by Plaintiff and the members of the Rule 23 Class;

b.   Whether Defendant had a policy and practice of failing to pay Plaintiff and members of the Rule 23 Class overtime compensation; and,

c.   Whether Defendant properly classified Plaintiff and members of the Rule 23 Class as exempt employees.

31.   The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

32. Plaintiff's claims are typical of those of the Rule 23 Class. Defendant employed Plaintiff and the members of the Rule 23 Class in the same position – loan officer - subjected them to the same unlawful practices.

33. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class.

34. Plaintiff is an adequate representative because he is a member of the Rule 23 Class and his interests do not conflict with the interests of the other members of the Rule 23 Class he seeks to represent. The interests of the members of the Rule 23 Class will be fairly and adequately protected by the Plaintiff and his undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

35. Maintenance of these claims as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the Rule 23 Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

36. As a result of Defendant's unlawful policies and practices, which were instituted and approved by Defendant's upper level managers, Defendant has willfully failed to pay Plaintiff, the members of the FLSA Collective, and the members of the Rule 23 Class (collectively "Class Members") proper overtime compensation, and has willfully failed to keep accurate time records with respect to the Class Members.

## COUNT I
### Violation of the Fair Labor Standards Act of 1938
**(Brought by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

37. Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. At all times material herein, Plaintiff and the Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

39. Plaintiff and the Class members were loan officers employed by Defendant.

40. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

41. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

42. Defendant violated the FLSA by willfully failing to pay proper overtime compensation to Plaintiff and the Class Members. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by Plaintiff and the Class Members.

43. Plaintiff and the Class Members are victims of a uniform, company-wide compensation policy. Upon information and belief, Defendants applied this uniform policy to Plaintiff and all Class Members in New York.

44. Plaintiff and the Class Members are entitled to damages equal to their unpaid overtime premium pay for three years preceding the filing of this Complaint, plus periods of

equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

45. Plaintiff the Class Members are also entitled to recover an award of liquidated damages in an amount equal to the amount of the unpaid overtime pay pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and the Class Members are entitled to an award of prejudgment interest at the applicable legal rate. Plaintiff and Class Members are also entitled to reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant pursuant to the Fair Labor Standards Act and pray for: (1) unpaid wages; (2) liquidated damages; (3) attorneys' fees and costs; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II
### Failure to Pay Wages in Violation of New York Law Article 19
**(Brought by Class Representative on Behalf of All Others Similarly Situated)**

46. Plaintiff reasserts and re-alleges the allegations set from in all preceding paragraphs as if fully set forth herein.

47. Defendant has engaged in a widespread pattern, policy, and practice of violating the New York Labor Law (" NYLL").

48. At all times relevant, the members of the New York class have been employees and Defendant has been an employer within the meaning of the NYLL.

49. The overtime wage provisions of Article 19 of the NYLL and its support regulations apply to Defendant and protect Plaintiff and the Class Members.

50. Defendant has failed to pay Plaintiff and the Class Members overtime wages to which they are entitled under the NYLL.

51. By Defendant's failure to pay the members of the New York Class overtime wages for hours worked in excess of 40 hours per week, it has violated NYLL §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

52. Due to Defendant's violations of the NYLL, the members of the New York Class are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. Plaintiff does not seek to recover liquidated damages under the NYLL on his own behalf or on behalf of the Class Members.

## COUNT III
### Failure to Maintain Accurate Payroll Records as Required by New York Law
### (Brought by Class Representative On Behalf of All Others Similarly Situated)

53. Plaintiff reasserts and re-alleges the allegations set from in all preceding paragraphs as if fully set forth herein.

54. Defendant is required by New York law to maintain records that accurately contain the hours worked by the members of the New York Class.

55. Defendant failed to record and maintain accurate time records for the members of the New York Class in violation of N.Y. Lab. Law § 195(4).

WHEREFORE, Plaintiff, individually and on behalf of the Rule 23 Class Members, prays for the following relief:

A. An order that New York Counts II and III of the action may be maintained as a class action pursuant to Fed. R. Civ. P. 23.

B. Designation of the Plaintiff as the representative of the Rule 23 Class, and his counsel of record as Class Counsel;

C. Issuance of a declaratory judgment that the practices, complained of in this Class Action Complaint, are unlawful under the NYLL and the supporting New York State Department of Labor Regulations.

D. Unpaid overtime pay, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and costs of this action.

E. An injunction that requires Defendant to pay all statutorily required wages pursuant to the NYLL.

F. Such other relief as this Court shall deem just and proper. Plaintiff does not seek to recover liquidated damages under the NYLL on his own behalf or on behalf of the Class Members.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: February 7, 2008
New York, NY

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

/s/ Justin M. Swartz
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**STUEVE SIEGEL HANSON LLP**

George A. Hanson (*Pro Hac Vice Motion Forthcoming*)
Virginia Stevens Crimmins (*Pro Hac Vice Motion Forthcoming*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

### ATTORNEYS FOR PLAINTIFFS