IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE RAIKOS, Individually, and on behalf of others similarly situated,<br><br>         Plaintiff,<br>  -against-<br><br>JPMORGAN CHASE & CO.,<br><br>         Defendant. | 08-CV-01274 (JGK) |

**DECLARATION OF ADAM T. KLEIN
IN SUPPORT OF PARTIES' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONALLY CERTIFYING THE SETTLEMENT CLASS, APPOINTING PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVING OF THE PROPOSED NOTICE OF SETTLEMENT**

I, Adam T. Klein declare as follows:

  1.  I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiffs' counsel herein, and co-chair of its Class Action Practice Group. O&G is a 29 attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class-wide violations of wage and hour laws, discrimination and harassment based on sex, race, disability, or age, retaliation, and contract and severance negotiations.

  2.  I have been one of the lawyers primarily responsible for the prosecution of Plaintiff's claims on behalf of the proposed class against Defendant.

  3.  I make these statements based on personal knowledge and would so testify if called as a witness at trial.

## My Background and Experience

4. I received my undergraduate degree from the School of Industrial and Labor Relations at Cornell University in 1987. I received my law degree from Hofstra University in 1990. I was admitted to the New York Bar in 1991. Since 2007, I have been selected by *Best Lawyers in America* in the field of law and employment law. Also since 2007, I have been recognized as a "Super Lawyer" in the *New York's Super Lawyers – Manhattan Edition*. My firm is comprised of 29 attorneys whose practice is limited to the representation of individuals in employment issues – including wage and hour federal and state collective actions. Since 2000, I founded and then served as the Co-Chair of my firm's class action group.

5. I am a member of the Board of Directors for the Lawyers' Committee for Civil Rights Under Law. I am a member of the National Employment Lawyers Association (NELA), served on the Executive Board of its New York Affiliate (NELA/NY) from 2000 to 2006, and am the former co-chair of the Class Action Committee of NELA. I served on the Executive Board of the Employee Rights Section of the American Trial Lawyers Association. I am a member of the American Bar Association, where I served as the Plaintiff's Co-Chair of the Committee on technology and Federal Law Clerks Training Program, and I am a member of the Committees on Equal Employment Opportunity and Employee Rights and Responsibilities of the Section of Labor and Employment Law and Class Action and Derivative Suits Committee of the Section of Litigation. I am the Plaintiffs' Co-Chair of the largest Committee within the Labor and Employment Section – the Equal Opportunity Committee. I am also a member of the Federal Bar Council, a fellow of the American Bar Foundation, and a member of the Federal Bar Council, a Fellow of the American Bar Foundation, and a member of the Advisory Board of the Labor and Employment Law Program of Cornell University's ILR School.

6. My legal practice is limited to the prosecution of class actions and impact litigation of employment discrimination and wage-and-hour claims. I am co-lead class counsel on numerous wage-and-hour cases that district courts have certified as class actions and/or

collective actions including *Torres v. Gristede's Operating Corp.*, No. 04-CV-3346, 2007 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 29. 2006), in which the this Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers. 2008 U.S. Dist. LEXIS 66066 (S.D.N.Y. Aug. 28, 2008). Others include *Damassia v. Duane Reade, Inc.*, 04 Civ. 8819, 06 Civ. 2295, 250 F.R.D. 152, 165 (S.D.N.Y. 2008); *Stefaniak v. HSBC Bank USA, N.A.*, No. 1:05-CV-720 S, 2008 U.S. Dist. LEXIS 53872, at **6, 8 (W.D.N.Y. June 28, 2008); *Gilliam v. Addicts Rehab. Ctr. Fund*, 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at **3-7 (S.D.N.Y. Mar. 24, 2008); *Diaz v. Scores Holding Co.*, 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248, at *21 (S.D.N.Y. May 9, 2008); and *Hens v. ClientLogic Operating Corp.*, 05-CV-381S, 2006 U.S. Dist. LEXIS 69021, at **16-17 (W.D.N.Y. Sept. 26, 2006). This list is not exhaustive.

7.      I am admitted in New York and in the federal Second, Ninth, and Eleventh Circuits and the Southern, Eastern, and Western Districts of New York.

8.      I have written articles for a variety of legal publications and have had articles printed and distributed in several publications, including the *Employee Rights and Employment Policy Journal and Employee Rights Quarterly*. I have also prepared material for several American Bar Association and National Employment Lawyers Association programs. In addition to authoring articles on a variety of employment and litigation-related subjects, I have lectured on employment law matters at meetings, conferences, and MCLE programs sponsored by the United States Court of Appeals for the Second Circuit, the American Bar Association, the National Employment Lawyers Association, JAMS/ENDISPUTE, NELA New York County Lawyers Association, the New York City Bar Association, the American Conference Institute, Cornell University, the Human Resources Executive Conference, the Law Education Institute, the Practicing Law Institute, the American Inns of Court, Georgetown University Law Center, New York University School of Law, the Federal Judicial Center, the Institute for Judicial Administration, the Federal Bar Council, the U. S. Department of Labor, the NAACP Legal Defense and Education Fund, and the National Academy of Arbitrators. In 2007, I testified

before the U.S. Equal Employment Opportunity Commission on the unlawful use of credit information as a screen for employment based on race.

9. O&G frequently represents nation-wide classes of employees in Fair Labor Standards Act litigation, as well as state-wide class-actions filed under the New York Labor Law ("NYLL") §§ 650 *et seq.* I have litigated numerous wage and hour class action lawsuits, including: *Torres v. Gristede's Operating Corp.*, No. 04-CV-3346, 2007 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 29. 2006); *Damassia v. Duane Reade, Inc.*, 04 Civ. 8819, 06 Civ. 2295, 250 F.R.D. 152, 165 (S.D.N.Y. 2008); *Stefaniak v. HSBC Bank USA, N.A.*, No. 1:05-CV-720 S, 2008 U.S. Dist. LEXIS 53872 (W.D.N.Y. June 28, 2008); *Gilliam v. Addicts Rehab. Ctr. Fund*, 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016 (S.D.N.Y. March 24, 2008); *Diaz v. Scores Holding Co.*, 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248 (S.D.N.Y. May 9, 2008); *Hens v. ClientLogic Operating Corp.*, 05-CV-381S, 2006 U.S. Dist. LEXIS 69021 (W.D.N.Y. Sept. 26, 2006); *Khait, et al., v. Whirlpool Corp., et al.*, No. 06-6381 (RRM)(VVP) (E.D.N.Y.); *Nitzberg v. Citicorp Investment Serv., Inc.*, No.: 604423/05 (NY Sup. Ct., NY Cty); *Rosenburg, et al., v. IBM Corp.*, No. C06-0430 (PJH) (N.D. Cal.); *Hernandez, et al. v. The Home Depot Inc.*, No. CV-05 3433 (ERK) (SMG) (E.D.N.Y.); *Day, et al. v. Control Assoc.*, No. 04 CV-07125 (LAK)(THK) (S.D.N.Y); *Clarke, et al. v. JP Morgan Chase & Co.* No. 04601519 (NY Sup. Ct., NY Cty); *Fouyolle v. JP Morgan Chase & Co.*, No. 04-2219 (S.D. Tex.); *Wilson Cole, et al. v. Global Finan. Serv. of Nevada*, 05 Civ. 10011 (JGK)(S.D.N.Y); *Lamons, et al., v. Target Corp.*, CV 04-0260 (ILG) (SMG) (E.D.N.Y); *Fei, et al. v. WestLB*, 07 Civ. 8785 (HB) (S.D.N.Y.); *Smith et al. v. Citigroup*, 07 Civ. 1791 (JG)(MRL) (E.D.N.Y.); *English et al. v. Ecolab, Inc.*, 06 Civ 5672 (PAC) (S.D.N.Y.); *Ansoumana, et al. v. Gristedes, et al.*, 00 Civ. 0253 (AKH) (S.D.N.Y.). This list is not exhaustive.

10. Under my supervision, O&G successfully prosecuted *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, Case No. 06 Civ. 4270 (PAC), a wage and hour class and collective action. On December 15, 2008, Judge Crotty granted preliminary approval of a class action settlement. A true and correct copy of the Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement is attached hereto as **Exhibit 1.**

11. Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions[1] and in other employment law class actions.[2]

**Thorough Investigation and Litigation of the Class Claims**

---

[1] *See e.g., Westerfield et al v. Washington Mutual, Inc.*, No. 06 Civ. 02817 (E.D.N.Y. July 26, 2009) (**Exhibit 2**); *Damassia v. Duane Reade, Inc.*, Nos. 04 Civ. 8819, 06 Civ. 2295, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (appointing O&G as class counsel on the basis of its "experience[] in handling wage and hour class actions and . . . knowledge of the applicable law"); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05-CV-720, 2008 U.S. Dist. LEXIS 53872, at *8 (W.D.N.Y. June 28, 2008) (O&G "are experienced in prosecuting and settling employment-based class and collective actions, including wage and hour matters," "possess the experience and ability to represent effectively the class's interests," and "[have] adequately represented the class in this action.") (internal brackets and citation omitted); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *6 (S.D.N.Y. March 24, 2008) ("[O&G] ha[s] substantial experience prosecuting class action cases involving wage and hour claims"); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05-CV-720, 2008 U.S. Dist. LEXIS 53872, at *8 (W.D.N.Y. June 28, 2008) (O&G "are experienced in prosecuting and settling employment-based class and collective actions, including wage and hour matters," "possess the experience and ability to represent effectively the class's interests," and "[have] adequately represented the class in this action.") (internal brackets and citation omitted); *Torres*, 2006 U.S. Dist. LEXIS 74039, at *49 ("[O&G] is qualified, experienced, and generally able to conduct the [class wage and hour] litigation.") (internal quotation marks omitted); *Rosenburg v. I.B.M.*, CV 06-00430, 2007 U.S. Dist. LEXIS 53138, at **5-6 (N.D. Cal. July 12, 2007) (appointing O&G as class counsel in wage-and-hour class action); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001) (O&G is "experienced and well-qualified in the fields of labor law and class litigation and, in particular, wage-and-hour class litigation"); *Tillman v. GEICO*, 011538-03 (N.Y. Sup. Ct. Nassau County) (**Exhibit 3**); *Tavarez v. Central Locating Service, Ltd., Corp.*, 11916-06 (N.Y. Sup. Ct. Queens County) (**Exhibit 4**). This list is not exhaustive.

[2] *See, e.g., Jaffe v. Morgan Stanley & Co.*, No. C 06-3903, 2008 U.S. Dist. LEXIS 12208, at *23 (N.D. Cal. Feb. 7, 2008) (O&G has "extensive experience and expertise in prosecuting employment discrimination class action cases"); *Amochaev v. Citigroup Global Markets, Inc.*, No. C-05-1298, 2007 U.S. Dist. LEXIS 13154, at *6 (N.D. Cal. May 1, 2008) ("Plaintiffs' counsel are a group of experienced litigators, several of whom specialize in employment discrimination matters."). This list is not exhaustive.

12.    We filed the Class Action Complaint on February 7, 2008. The Class Action Complaint alleged causes of action for (1) violations of the Fair Labor Standards Act, 29 U.S.C. §§ 209 et seq., ("FLSA"); and (2) violations of the New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Laws" or "NYLL"). A true and correct copy of the Class Action Complaint is attached hereto as **Exhibit 5.**

13.    I am unaware of any individual lawsuits that have been filed by class members arising from the same allegations.

14.    On May 23, 2008, Defendant filed a Motion to Dismiss Plaintiff's Complaint. However, because the parties soon thereafter entered extensive settlement negotiations, a responsive brief from Plaintiff was not filed.

15.    Named Plaintiff Raikos served the class by assisting with the preparation of the complaint, executing a declaration, and providing assistance to counsel throughout the course of the settlement process.

16.    Before and during the formal litigation of this action, I, along with a team of attorneys and paralegals at O&G and our co-counsel, Stueve Siegel Hanson LLP, conducted a thorough investigation into the merits of the potential claims and defenses. We focused our investigation and legal research on the underlying merits of class members' claims, the damages to which they were entitled, and the propriety of class certification.

17.    Because we have broad experience prosecuting wage-hour class actions involving the alleged failure to pay proper overtime wages to loan officer, we were able to obtain substantial industry-level information about the practices that this lawsuit addressed. Our understanding is that loan officers tend to laterally transfer from one financial services company

to another. Given that fact, the information that we obtained in the course of prosecuting other similar cases provided substantial insight and support for their evaluation of this lawsuit.

18.     Both George Hanson from Stueve Siegel Hanson LLP and I are co-lead class counsel on two of the largest loan officer class actions concerning the payment of overtime that have been filed in the United States: *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 527 F. Supp. 2d 1053 (N.D. Cal. 2007) (reversed and remanded for further consideration, --F.3d--, 2009 WL 1927711 (9th Cir. July 7, 2009)) and *Westerfield v. Washington Mutual Bank*, NO. 1:06cv02817 (E.D.N.Y. Jun. 5, 2006). Magistrate Judge Azrack in the Eastern District of New York recently granted preliminary approval of the class settlement and appointed my firm as class counsel in the *Westerfield* matter. Prior to the settlement of the *Westerfield* action, plaintiffs' counsel (Outten & Golden LLP and Nichols Kaster LLP) expended approximately 16,000 billable hours to the prosecution and eventual settlement of that matter – including taking and defending depositions in 16 states and reviewing detailed information about the loan officer position at Washington Mutual.

**Settlement Negotiations**

19.     After intense and arm's length negotiation, the parties agreed to the general settlement terms.

20.     After several days of continued negotiation, the parties agreed to the Joint Stipulation of Settlement and Release ("Settlement Agreement") on July 31, 2009. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 6.**

**Allocation Formula**

21.     The Settlement Agreement creates a fund of $2,492,729.10 to settle this case. The Fund covers class members' awards, service payments, attorneys' fees and costs, and administration fees and costs. None of the Fund reverts to Defendant.

22.     According to the Settlement Agreement, the class members who do not opt out of the settlement will be paid pursuant to an allocation formula that takes into account class members' tenure in a covered position and the number of weeks class members worked during the limitations period.

23.     The amount distributed to the class members represents the settlement amount (of $2,492,729.10) less: (i) attorneys' fees of no more than one third of the settlement amount (i.e., $822,600.60); (ii) a service payment to Plaintiff Raikos of $15,000.00; (iii) actual claims administration costs incurred by the Claims Administrator; and (iv) the payment of any applicable employment-related taxes.

24.     Settlement awards will be allocated 50 percent to wages and 50 percent to liquidated damages, interest, or other non-wage remedy. Applicable federal, state, and local withholding taxes will be taken out of the settlement amount.

**The Reaction of the Class to the Settlement Has Been Positive**

25.     There are approximately 668 class members.

26.     Based on the terms of the Settlement Agreement, the per-class member settlement amount will be will be approximately $3,709 plus interest before attorneys' fees and costs are deducted.

27.     Our firm has taken phone calls from class members who, I am told, have reacted positively to the settlement. The Named Plaintiff supports the settlement, as evidenced by his

signature on the Settlement Agreement.

28. A true and correct copy of Exhibit A to Settlement Agreement, "Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing," is attached hereto as **Exhibit 7.**

29. A true and correct copy of Exhibit B to Settlement Agreement, "Preliminary Approval Order," is attached hereto as **Exhibit 8.**

30. A true and correct copy of Exhibit C to Settlement Agreement, "Order Granting Final Approval," is attached hereto as **Exhibit 9.**

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 7th day of August, 2009
New York, New York.

      /s/ Adam T. Klein
Adam T. Klein
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000