EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GEORGE RAIKOS, Individually, and on behalf of other similarly situated persons,<br><br>       Plaintiff,<br><br> v.<br><br>JPMORGAN CHASE & CO.,<br><br>       Defendant. | Civil Action No. 1:08-cv-01274-JGK<br><br>**ELECTRONICALLY FILED** |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

### PREAMBLE

Plaintiff George Raikos, on behalf of himself and all other present and former employees in the Class, and Defendant JPMorgan Chase Bank, N.A., ("Chase"), by and through their respective counsel of record, agree to resolve the above-captioned case through this Joint Stipulation of Settlement and Release.

### DEFINITIONS

1. "Action" means the civil action filed on February 7, 2008 in the United States District Court for the Southern District of New York entitled *George Raikos, individually, and on behalf of other similarly situated persons, v. JPMorgan Chase & Co*., Civ. 1:08-cv-01274-JGK.

2. "Chase" means Defendant JPMorgan Chase Bank, N.A., improperly named JPMorgan Chase & Co. in the Action.

3. "Chase Releasees" means Defendant JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. and all of their affiliates, including, without limitation, any parents and subsidiaries, affiliated entities, predecessors, successors, divisions, joint ventures and assigns, and any of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives.

4. "Claims Administrator" shall refer to a mutually agreeable claims administrator_____, which will (i) mail the Class Notice to Class Members; (ii) mail notices to respective authorities as required under the Class Action Fairness Act ("CAFA"); (iii) track returned Opt Out Forms; (iv) notify the Parties of timely and untimely claims; (v) create a Qualified Settlement Fund, as that term is interpreted by the Internal Revenue Service

and applicable state law; (vi) send each Participating Claimant his/her respective Settlement Share; and (vii) report and make the required deductions, withholdings, and/or payroll tax payments.

5.    "Class" or "Class Members" means the Class Representative, and persons employed by Chase, its predecessors, or affiliates, direct or indirect, in a Covered Position in the State of New York at any time from February 7, 2002 through the date of Preliminary Approval.

6.    "Class Counsel" means Adam T, Klein, Esquire, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York , NY 10016 and George A. Hanson, Esquire, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112.

7.    "Class Member Distribution Amount" means the remainder of the Settlement Amount (defined below) available to be distributed to the Class Members after deductions, pursuant to the terms of the Settlement, for Attorneys' Fees, as that term is defined in Paragraph 46, the service payment to the Class Representative, the payment for the services of the Claims Administrator, any other costs of administering the settlement, and the payment of any applicable employment-related taxes.

8.    "Class Representative" mean Plaintiff George Raikos.

9.    "Covered Position" means loan officer, account executive, account executive/loan officer, BC retail loan officer-off, HL officer – account executive non prime, and home loan officer-account executive.

10.    "Court" or "District Court" means the United States District Court for the Southern District of New York.

11.    "Consent to Join Settlement Form" means the form attached as Form 1 to the Notice, substantially in the form attached hereto as Exhibit A, which a Class Member must submit in addition to a Settlement Claim Certification Form in order to become a Participating Class Member.

12.    "Judgment" means the Order of Final Approval entered by the Court.

13.    "Notice" shall mean the "Notice of Preliminary Approval of Settlement of Class Action; Notice of Settlement Hearing and Hearing Regarding Application for Attorneys' Costs, and Compensation to the Class Representative; and Exclusion Procedures" to be approved by the Court, substantially in the form attached hereto as Exhibit A.

14.    "Opt Out" or "Opt Outs" or "Opt Out Form" means the valid and timely signed requests by Class Members to be excluded from the Settlement, which are submitted on Form 2 to the Notice, substantially in the form attached hereto as Exhibit A, which a Class Member must submit in the manner, and within the time frame, set forth in the Notice.

15.    "Parties" means the named parties in the Action.

2

16.    "Participating Class Member" means each of the Class Members who is entitled, pursuant to the terms of the Settlement, to receive a Settlement Share from the Class Member Distribution Amount, who does not opt-out from the Settlement, and who either timely submits a Consent to Join Settlement Form or endorses and executes a Settlement Share check.

17.    "Preliminary Approval Order" or "Order Granting Preliminary Approval of Settlement" means an order to be executed and entered by the Court entitled "Order Granting Preliminary Approval of Settlement," substantially in the form attached hereto as Exhibit B, preliminarily approving the Settlement and this Stipulation, conditionally certifying for settlement purposes only a class and collective action as provided in Paragraph 28, and appointing for settlement purposes only the Class Representative, Class Counsel, and the Claims Administrator.

18.    "Released Period" means the period from the date that the Class Member or Class Representative was first employed by one or more of the Chase Releasees to the date on which the District Court gives Final Approval of the Settlement.

19.    "Settlement" or "Stipulation" means this Joint Stipulation of Settlement and Release.

20.    "Settlement Amount" means no more than two million four hundred ninety-two thousand seven hundred twenty nine dollars and ten cents ($2,492,729.10), which is the amount to be paid by Chase pursuant to this Settlement.  Chase shall deposit the Settlement Amount with the Claims Administrator no later than the Settlement Effective Date.

21.    "Settlement Effective Date" means the latest of the following dates:  (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to attorneys' fees shall not, by itself, in any way delay or preclude the Judgment from becoming final.

22.    "Settlement Share" means each Participating Class Member's share, pursuant to the terms of the Settlement of the Class Member Distribution Amount.  The "Settlement Share" will be determined by: (a) the Class Member's tenure in a Covered Position; and (b) the number of weeks the Class Member worked in a Covered Position during the maximum applicable limitations period for which the Class Member has not executed a valid release.

## THE LITIGATION

23.    On February 7, 2008, the Class Representative commenced this Action. The Class Representative alleged on behalf of a purported class of persons employed by Chase in a Covered Position located in the State of New York that he and the members of the purported class were not paid proper overtime compensation, and in the course of not paying overtime

3

compensation, Chase did not keep accurate records of all hours worked.

24.     The Class Representative believes that the Action is meritorious based on alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and that the Action is appropriate for collective and class treatment.

25.     Chase denies any liability or wrongdoing of any kind associated with the claims alleged; contends that the Class Representative and Class Members are and were exempt from the overtime provisions of the FLSA and NYLL, that it at all times properly compensated the Class Representative and the Class Members, and contends that, for any purpose other than Settlement, this Action is not appropriate for class or collective action treatment pursuant to Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b), respectively.

26.     Chase has agreed to resolve this Action pursuant to this Stipulation, but to the extent that this Stipulation is deemed void or that the Settlement Effective Date does not occur, the Chase Releasees do not waive, but rather expressly reserve, all rights to challenge all claims and allegations in the Action upon all procedural, legal and factual grounds, including, without limitation, the ability to challenge class or collective action treatment on any grounds, to raise federal law preemption or incompatibility of the asserted claims, as well as asserting any and all other potential defenses or privileges.  The Class Representative and Class Counsel agree that the Chase Releasees retain and reserve these rights, and agree not to take a position to the contrary; specifically, the Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that, based on this Stipulation, the Chase Releasees could not contest class or collective certification on any grounds, raise federal law preemption or incompatibility of asserted claims, or assert any and all other potential defenses and privileges if this Action were to proceed.

27.     The Parties ultimately reached an agreement to settle the Action on the terms set forth in this Stipulation.

## TERMS OF STIPULATION

28.     The Parties stipulate, for settlement purposes only, to the certification by the Court of a class of all Class Members as to all claims asserted in the Action pursuant to the NYLL, and further stipulate, for settlement purposes only, to the certification by the Court of a collective action as to all claims asserted in the Action pursuant to the FLSA.

29.     As consideration for this Settlement, and to fully and completely resolve and settle all claims of Class Members, Chase agrees to a Settlement of no more than the Settlement Amount.

30.     The gross amount distributed to each Participating Class Member will be based on the Settlement Share.

31.     For income and payroll tax purposes, the Parties agree that 50% of each settlement payment constitutes wages (which shall be subject to required withholdings and deductions and reported as wage income on an IRS Form W-2 as required by law), and 50% of

4

each settlement payment constitutes liquidated damages, interest, and/or other non-wage remedy which will be subject to an IRS Form 1099.  The Claims Administrator will report each payment to the government authorities including the Internal Revenue Service as required by law, and the Claims Administrator shall make all required deductions, withholdings, and/or payroll tax payments from the amount paid into the Qualified Settlement Fund by Chase.

32.    Chase will not be responsible for making any deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, from the Settlement Amount or from any Settlement Share that is payable from the Qualified Settlement Fund.  Any amount paid to Participating Class Members shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension or other compensation or benefit plan provided by Chase.

33.    If fewer than all Class Members participate in the distribution of Class Member Distribution Amount because they fail to cash their checks within the time permitted, any remaining funds will (a) be redistributed to the Allocation Correction Amount fund referenced in Paragraph 49; or (b) the parties will seek an Order from this Court permitting a *cy pres* distribution to a charity that the Parties select.

34.    In exchange for and conditioned upon his execution of a general release in favor of the Chase Releasees and in the form set forth below, and agreement and acknowledgment that he will not seek or be eligible for future employment with Chase or any of its parents, subsidiaries or affiliates, the Class Representative will receive a service payment in the gross amount of fifteen thousand dollars ($15,000.00) from the Qualified Settlement Fund. This payment shall be made in addition to any Settlement Share which the Class Representative may otherwise be entitled as a Participating Class Member.

## COURT APPROVAL OF CLASS NOTICE

35.    The Class Representative and Chase, through their counsel of record in the Action, shall file this Stipulation with the Court, and Class Counsel shall then move for preliminary approval of this Stipulation and Settlement Agreement.  Via this submission and Motion, Class Counsel will request that the Court enter the Preliminary Approval Order approving the terms of this Stipulation, certify a class and collective action for settlement purposes, and schedule the Settlement Hearing for the purposes of determining the fairness with regard to the Settlement, granting final approval of the Settlement, granting final approval of this Stipulation, and entering Judgment.

36.    In the event that the Court decides not to enter the Preliminary Approval Order in its entirety, Chase will have the right to terminate the Settlement and the terms of this Stipulation for changes to the Preliminary Approval Order that Chase deems in good faith as material in its sole discretion.

37.    If the Court enters the Preliminary Approval Order, then at the resulting Final Approval Hearing, the Class Representative and Chase, through their counsel of record,

5

shall address any written objections from Class Members or concerns from Class Members who attend the hearing, if any, and concerns of the Court. Unless provided otherwise in this Stipulation, the Parties will stipulate to final approval of this Stipulation and Settlement Agreement, and entry of the Judgment by the Court.

## NOTICE OF CLASS ACTION SETTLEMENT

38.    Chase shall provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, and telephone numbers of all Class Members (the "Class List") so that the Claims Administrator can engage in the processing and mailing of each Notice. Chase will provide the Class List to the Claims Administrator in time to accomplish this objective as required by Paragraph 40 of this Stipulation.

39.    The Claims Administrator will perform a standard skip trace to verify the accuracy of all Class Member addresses before the initial mailing date to ensure to the extent reasonably practicable that the Notice is sent to all Class Members at the addresses most likely to result in immediate receipt of the Notice documents. It will be conclusively presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notice. With respect to returned envelopes, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within twenty (20) days of the receipt of the returned envelope. The Notice shall be deemed received once it is mailed for the second time.

40.    The Claims Administrator shall send a Notice in the form of Exhibit A attached hereto to the Class Members, by first class mail, within forty-five (45) days after the Preliminary Approval Date.

41.    All fees and costs relating to sending the Notice shall be paid by the Claims Administrator as part of its fees and costs, which will be paid from the Settlement Amount.

42.    Class Members will have sixty (60) days from the mailing of the Notice to execute and submit to the Claims Administrator the Consent to Join Settlement Form.

43.    Class Members will have sixty (60) days from the mailing of the Notice to exclude themselves from the Settlement by submitting to the Claims Administrator an Opt Out Form.

44.    Any Class Member may appear in person or through counsel at the Settlement Hearing and be heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a Judgment dismissing the Action against Chase with prejudice should or should not be entered. No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intent to appeal at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or

before _____, 2009, or if by mail then postmarked no later than _____, 2009, upon all of the following:

|  |  |
|---|---|
| Adam Klein, Esquire | Sarah E. Bouchard, Esquire |
| Outten & Golden LLP | Morgan, Lewis & Bockius LLP |
| 3 Park Avenue, 29th Floor | 1701 Market Street |
| New York, NY 10016 | Philadelphia, PA 19103 |

Any member of the Class who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

45.    In the event of any dispute concerning a Class Member's Settlement Share, the Parties will meet and confer in good faith in an effort to resolve the dispute, and if the parties are unable to reach an agreement, the Dispute Resolution provisions contained at paragraph 56 in this Stipulation will control.

## SETTLEMENT FUNDS AND PAYMENT

46.    Within thirty (30) calendar days after the Settlement Effective Date, provided that the Settlement Effective Date occurs, Class Counsel will provide Chase the taxpayer identification number for Class Counsel and an executed Form W-9.

47.    Within twenty (20) days of and only after the Settlement Effective Date, the Claims Administrator shall mail to each Participating Class Member at his or her last known address, or updated address if obtained, a check for his or her Settlement Share from an account administered by the Claims Administrator but funded by Chase, less the employee's share of relevant withholdings.

48.    Checks for Settlement Share payments issued to Participating Class Members pursuant to this Stipulation shall remain negotiable for a period of ninety (90) days from the date of mailing, at which time such checks will be void and a stop-pay notice will be placed. Participating Class Members who fail to negotiate their check(s) in a timely fashion will be deemed to have waived irrevocably any right in or claim to a Settlement Share, but shall remain subject to the terms of the Judgment, including the release of Released Claims contained herein.

49.    In order to effectuate the terms of the Settlement and to correct for mathematical or factual errors in calculating the Settlement Share, the Parties and the Claims Administrator will create a fund called the Allocation Correction Amount in the amount of $100,000 to be taken from the Settlement Amount. Settlement Shares of Class Members who fail to respond to the Notice will be added to the Allocation Correction Amount. The Allocation Correction Amount will then be used to correct any mathematical or factual errors in the Allocation, and these corrections will be reported to the Court at the Final Approval Hearing. Chase, however, will bear no responsibility whatsoever for any uncashed checks. Rather, Class

7

Counsel will be solely responsible for complying with all applicable state and federal laws regarding uncashed checks.

(a)     Sixty (60) days after the mailing of the Notice, $50,000 of the remaining Allocation Correction Amount, or whatever amount is left of the $100,000, whichever is less, will be set aside to cover unanticipated settlement administration costs. This amount will be held in trust by the Claims Administrator for one year after the Settlement Effective Date.  After that date, all remaining funds will be returned to Chase.

(b)     Sixty (60) days after the mailing of the Notice, and after the $50,000 set aside, any remaining funds in the Allocation Correction Amount will be returned to Chase.

50.     Class Counsel may seek up to 1/3 of the total Settlement Amount from the Court in full payment of their fees and costs.  Chase will not oppose Class Counsel's motion for the payment of fees and costs.  Payment of the attorneys' fees shall be made within thirty (30) days of the Settlement Effective Date, provided that the Settlement Effective Date occurs.

51.     The fees and costs of the Claims Administrator will be paid from the Settlement Amount.

52.     The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement.

## **MISCELLANEOUS**

53.     The Parties agree to keep the terms of this Settlement confidential until the Parties move for preliminary approval with the Court.

54.     The Parties agree that they will not mention the Settlement on their websites, issue any press release on their websites or otherwise at any time.  The Parties will not initiate any contact with the media regarding the terms of this Settlement or the claims or defenses in the underlying litigation until the motion for preliminary approval is filed with the Court.  If the Parties are contacted by the media, they will merely inform the press that "a settlement has been reached and that the parties are in the process of obtaining approval from the Court."  After the date on which the Court enters the Preliminary Approval Order, Class Representatives, Class Counsel and their agents may communicate with Class Members; however, they shall issue no statements to the press or any other media regarding this settlement.

55.     The Parties represent, covenant, and warrant that they have not directly or indirectly assigned or purported to assign to any person or entity any portion of any liability, claim, demand, action, cause of action or right released in this Settlement.

56.     Nothing contained in this Settlement shall be construed or deemed an admission of liability on the part of the Chase Releasees, and the Chase Releasees deny liability therefor.  Each of the Parties has entered into this Settlement with the intention to avoid further

8

disputes and litigation with the attendant inconvenience and expenses.  This Stipulation is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

57.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

<u>To the Class Representative and Class Members:</u>

Adam T, Klein, Esquire
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016

<u>To Chase:</u>

Sarah E. Bouchard, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

58.    Paragraph titles or captions contained in this Settlement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

59.    If any deadlines related to this Settlement cannot be met, Class Counsel and counsel for Defendant shall confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation.  In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

60.    The Parties shall endeavor to confer with the other Party concerning any disputes relating to this Agreement and its implementation, and agree to bring only such disputes to the Court, if necessary, and after 10 days written notice to the other Party.  The Court will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out.

61.    This Settlement contains the entire agreement among the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement.  No rights under this Settlement may be waived except in writing.

9

62.     It is agreed that because the members of the Class Action are so numerous, it is impossible or impractical to have each Class Member execute this Stipulation. The Class Notice attached hereto as Exhibit A will advise all Class Members of the binding nature of the release contained herein.

63.     This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation, which shall be binding upon and effective as to all Parties.

64.     Both Class Counsel and Chase may engage in communications with the Claims Administrator and make payment to the Claims Administrator for its services and engage in related communications with the Claims Administrator without notice to opposing counsel or the Court, but must copy opposing counsel.

65.     In the event that Chase or Class Counsel takes the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, the Parties shall meet and confer prior to raising any such issue with the Claims Administrator.

66.     No discovery materials shall be offered for sale or distributed to any person or entity by the Class Representative or Class Counsel. All originals or reproductions of any discovery materials obtained and/or given to any party, expert, consultant, or other person shall be retrieved by Class Counsel and returned to Chase, and all parties receiving such documents shall certify within thirty days (30) of the Settlement Effective Date, or within thirty days (30) of the date the settlement terminates, that they have returned all such documents or information and all copies thereof. The Parties, however, may agree in writing, at a future date in advance of the deadline set forth herein, to the destruction of these discovery materials in lieu of their return.

67.     This provision and the provisions of paragraph 66 are not intended to cover work product produced by Class Counsel, but are intended to cover any documents or other materials described therein that are attached to any work product and all such documents or materials attached to work product shall be returned to Chase. All such documents, information or materials incorporated into any work product shall be excised.

## <u>RELEASE OF CLAIMS</u>

68.     By either executing and timely submitting a Consent to Join Settlement Form or endorsing and executing a Settlement Share check, Participating Class Members consent to be party-plaintiffs in this action pursuant to Rule 216(b) of the FLSA, will be bound by the settlement and deemed to have waived and released the Chase Releasees from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including, but not limited to, minimum wage, unpaid wages, premium pay, deductions, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, other alleged wage-and-hour violations, and retaliation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*. Additionally, Participating Class

10

Members will be deemed to have waived and released the Chase Releasees from any and all New York State law wage-and-hour claims, including claims under the New York Labor Law, but not including claims for bonuses or commissions claimed to have been earned during the Released Period.

          69.    Released Claims by Class Representative:  By execution of this Settlement, the Class Representative shall be deemed to have fully and finally released the Chase Releasees from any and all claims, whether known or unknown, arising during the Released Period, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including but not limited to the FLSA, the NYLL, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Age Discrimination in Employment Act, the National Labor Relations Act and all of their implementing regulations; whether or not such claims are in the nature of claims for damages, unpaid wages, premium pay, deductions, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, and other alleged wage-and-hour violations, retaliation, harassment, wrongful discharge, attorneys' fees or injunctive relief; and whether sounding in contract or tort.  Further, as a condition of his eligibility for a service payment, the Class Representative agrees that his employment with Chase and its subsidiaries or affiliates has terminated irrevocably, and he agrees that he will not seek or be considered for any future employment with Chase and its subsidiaries or affiliates.

## **<u>TERMINATION OF SETTLEMENT</u>**

In the event that more than five (5) percent of the Class Members exercise their right to Opt Out of this Settlement on a timely basis, Chase reserves the right to void this Settlement in its entirety and to resume the Action as though no Stipulation had been entered into, and no payments shall be made by the Chase Releasees to anyone in accordance with the terms of this Stipulation, except for administrative costs already incurred by the Claims Administrator.  In the event that this Settlement is voided and terminated pursuant to this paragraph, the Parties and any Class Members will bear their own costs and fees with regard to efforts to obtain Court approval, and this Stipulation shall be deemed null and void with no effect on the Action whatsoever.  In such event: (a) the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and Class Members and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated *nunc pro tunc*; and (2) the Settlement Amount will be repaid to Chase in its entirety, less any amounts administrative costs already incurred by the Claims Administrator.

Respectfully submitted,


   /s/ Adam T. Klein                         /s/ Sarah E. Bouchard                  
 Adam T. Klein (AK 3293)                  Sarah E. Bouchard (*admitted pro hac vice*)
 Justin M. Swartz (AK 7989)               Morgan, Lewis & Bockius LLP
 Outten & Golden LLP                     1701 Market Street

11

3 Park Avenue, 29th Floor
New York, NY  10016
212.245.1000
212.977.4005 (fax)

Stueve Siegel Hanson LLP
George A. Hanson
  (*admitted pro hac vice*)
Virginia Stevens Crimmins
  (admitted *pro hac vice)*
460 Nichols Road, Suite 200
Kansas City, Missouri  64112
816.714.7100
816.714.7101 (fax)

Philadelphia, Pennsylvania 19103
(215) 963-5000
(215) 963-5001 (fax)

Samuel S. Shaulson (SS 0460)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178
212.309.6000
212.309.6001 (fax)

ATTORNEYS FOR PLAINTIFFS            ATTORNEYS FOR DEFENDANT


_____
George Raikos

PLAINTIFF AND CLASS REPRESENTATIVE


12

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE RAIKOS, Individually, and on behalf of other similarly situated persons,<br><br>               Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE & CO.,<br><br>               Defendant. | Civil Action No. 1:08-cv-01274-JGK<br><br>**ELECTRONICALLY FILED** |

<u>**CLASS NOTICE**</u>

<u>**NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION**</u>

**NOTICE OF SETTLEMENT HEARING AND HEARING REGARDING APPLICATION FOR ATTORNEYS' FEES, COSTS AND <u>COMPENSATION TO NAMED CLASS REPRESENTATIVE</u>**

<u>**EXCLUSION PROCEDURES**</u>

       **TO:   All current and former persons employed by JPMorgan Chase Bank, N.A. ("Chase") as a loan officer, account executive, account executive/loan officer, BC retail loan officer-off, HL officer – account executive non prime, and/or home loan officer-account executive (the "Covered Positions") in the State of New York at any time from February 7, 2002 through _____ (ENTER PRELIMINARY APPROVAL DATE) who have not previously executed a valid release with Defendant JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., or any of their affiliates.**

**If you are receiving this Notice, you may be entitled to share in the recovery of this class and collective action.  PLEASE READ THIS NOTICE CAREFULLY.**

**EVEN IF YOU INTEND NOT TO PARTICIPATE IN THE SETTLEMENT, YOUR LEGAL RIGHTS MAY BE AFFECTED.  PLEASE CONTINUE READING.**

Pursuant to the Order of the United States District Court for the Southern District of New York entered on **[INSERT DATE OF APPROVAL ORDER]**, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

†

A Settlement has been reached between the named parties ("Parties") in the action pending in the United States District Court for the Southern District of New York titled *George Raikos, individually and on behalf of other similarly situated persons v. JPMorgan Chase & Co.,* No. 08-CV-01274 ("Action"), which purports to assert claims under both the federal Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on behalf of all individuals described above (the "Class Members").  **The terms of the Settlement have been preliminarily approved by the Court as fair and reasonable.**

You have received this Notice because Chase's records indicate that you are one of the Class Members.  This Notice is designed to inform you of how you will receive payment under the Settlement.  If you do not wish to participate in the Settlement, you may exclude yourself pursuant to Section ___ below.  By excluding yourself, you will not be eligible to receive any payment or benefits from the Settlement.


I.       **BACKGROUND OF THE CASE**

On February 7, 2008, Plaintiff George Raikos (the "Class Representative") commenced this Action.  The Class Representative alleged on behalf of a purported class of all persons employed by Chase in a Covered Position located in the State of New York that he and the members of the purported class were not paid proper overtime compensation, and in the course of not paying overtime compensation, Chase did not keep accurate records of all hours worked.

The Class Representative believes that the Action is meritorious based on alleged violations of the FLSA and NYLL, and that the Action is appropriate for collective and class treatment. Chase denies any liability or wrongdoing of any kind associated with the claims alleged, contends that it properly compensated the Class Representative and the Class Members, and contends that, for any purpose other than Settlement, this Action is not appropriate for class or collective action treatment pursuant to Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b), respectively.

After good-faith negotiations, the parties agreed to settle the Action pursuant to the terms and conditions of the Settlement.  The Settlement represents a compromise and settlement of highly disputed claims.  Nothing in the Settlement is intended to or will be construed as an admission by Chase that claims in the Action have merit or that it has any liability to the Class Representative or any Class Member on those claims.

The Class Representative, Chase, and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation, and that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class Members.

**The Court reviewed the terms of Settlement proposed by Chase and the Class Representative and has preliminarily approved it as fair and reasonable.**

2

- **If you wish to receive a settlement award, you must follow the procedures outlined below in Section ___. If you follow those procedures, after the Court has granted final approval of the Settlement, you will receive your Settlement Share in the mail. By timely submitting a Consent to Join Settlement Form, attached as Form 1 to this Notice, or by endorsing and executing the Settlement Share check, you will be bound by the Settlement as to both your state and federal claims.**

- **If you wish to be excluded from the Settlement, you must follow the procedures outlined below in Section ___. If you follow those procedures, you will not be bound by the Settlement as to either your state or federal claims, and you will not receive a settlement award.**

## II.    SUMMARY OF THE SETTLEMENT

The Settlement provides for the following:

### A.    Who is included in the Settlement?

You are included in the Settlement if you meet all of the conditions set forth in the beginning of this Notice.

### B.    What will I receive from the Settlement?

Your potential monetary award will be determined by: (a) your time in a Covered Position; and (b) the number of weeks you worked in a Covered Position during the maximum applicable limitations period for which you have not executed a valid release. The Settlement Share payments will be reduced, in part, by applicable tax deductions and withholdings for part of your payment. As an example, if you worked in New York as a loan officer or account executive from **[INSERT SAMPLE DATES]**, you would be eligible to receive $_____, less applicable tax deductions and withholding.

### C.    When will I receive my Settlement Share payment?

The Settlement Share payments will be paid after the deadline for Class Members to exclude themselves from the Settlement has passed and all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

### D.    Claims Administrator

The Court has appointed _____ to act as an independent Claims Administrator and to resolve any dispute concerning a Class Member's eligibility to participate in the Settlement.

DB1/62694672.11

E.     **Who is representing the Class Members?**

The attorneys for the Class Members ("Class Counsel") are Adam T, Klein, Esquire, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York , NY 10016 and George A. Hanson, Esquire, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri.   However, any questions regarding this Notice should be directed to the Claims Administrator, _____, [**INSERT ADDRESS AND TELEPHONE NUMBER**].

F.     **Release of Claims – What You Give Up By Not Excluding Yourself From The Settlement.**

By either executing and timely submitting a Consent to Join Settlement Form or endorsing and executing a Settlement Share check, you consent to be a party-plaintiff in this Action pursuant to Rule 216(b) of the FLSA, will be bound by the settlement and deemed to have waived and released Defendant JPMorgan Chase & Co. and Defendant JPMorgan Chase Bank, N.A. and all of their affiliates, including, without limitation, any parents and subsidiaries, affiliated entities, predecessors, successors, divisions, joint ventures and assigns, and any of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Chase Releasees") from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including, but not limited to, minimum wage, unpaid wages, premium pay, deductions, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, other alleged wage-and-hour violations, and retaliation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*.  Additionally, you will be deemed to have waived and released the Chase Releasees from any and all New York State law wage-and-hour claims, including claims under the New York Labor Law, but not including claims for bonuses or commissions claimed to have been earned during the Released Period.

G.     **Attorneys' Fees**

The Court has preliminarily approved payment from the Settlement to Class Counsel of attorneys' fees and costs and expenses incurred in representing the Class Action.  You are not responsible for any attorney fees.

H.     **Costs of Administration**

The costs of administering the Settlement also will be deducted from the Settlement Amount.

I.     **Taxes**

Class Members shall be solely responsible for the reporting and payment of the employee's share of any federal, state and/or local income or other tax or any other withholdings, if any, on the

payments made pursuant to this Settlement.  Class Members are advised to seek their own tax advice prior to acting in response to this Notice.

**III.    CLASS REPRESENTATIVE AND CLASS COUNSEL SUPPORT THE SETTLEMENT.**

The Class Representative and Class Counsel support this Settlement.  Their reasons include the inherent risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation.  Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted.  No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved.  Therefore, upon careful consideration of all of the facts and circumstances of this case, the Class Representative and Class Counsel believe that the Settlement is fair, reasonable, and adequate.

**IV.    WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

The Class Representative and Class Counsel represent your interests as a Class Member.  If you are a Class Member and do not opt-out of the Settlement, you will be bound by the terms of the Settlement, and you will be deemed to have released your claims against the Chase Releasees as described above.  Moreover, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.

**A.    Claiming Your Share of the Settlement**

If you choose to participate in the settlement and are entitled to receive a payment from the Class Member Distribution Amount, you must complete the Consent to Join Settlement Form, attached as Form 1 to this Notice, and mail it to the Claims Administrator, _____, postmarked by ____. After the Court has granted final approval of the Settlement, you will receive your Settlement Share check issued by _____ in the mail.  By timely submitting a Consent to Join Settlement Form or by endorsing and executing the Settlement Share check, you will be bound by the Settlement as to both your state and federal claims.

**B.    Procedure for Exclusion**

To exclude yourself from the Settlement, you must complete and mail the Opt Out Form, attached as Form 2 to this Notice, _____ [INSERT ADDRESS AND TELEPHONE #], postmarked by ___, expressing your desire to be excluded from the Settlement.  If you wish to request exclusion from the Settlement, the Opt Out Form must include your name (and former names, if any), current address, telephone number and social security number.  In addition, it must be postmarked on or before _____.  Opt Out Forms that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective.  Persons who do submit valid and timely Opt Out Forms will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.

## V.     SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held before the Honorable Judge Koeltl on _____ 2009 in Courtroom __, ____ Floor at _____a.m. at the United States District Court, Southern District of New York, which is located at the U.S. Courthouse, _____ (the "Court"), to determine, as a final matter, whether the proposed Settlement of the Action is fair, adequate and reasonable, and whether the Action should be dismissed on the merits with prejudice.  The hearing may be adjourned by the Court from time to time as the Court may without further notice direct.

Any Class Member may appear in person or through counsel at the Settlement Hearing and be heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a final judgment dismissing the Action against Chase with prejudice should or should not be entered.  No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intent to appeal at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before _____, 2009, or if by mail then postmarked no later than _____, 2009, upon all of the following:

| | |
|---|---|
| Adam Klein, Esquire | Sarah E. Bouchard, Esquire |
| Outten & Golden LLP | Morgan, Lewis & Bockius LLP |
| 3 Park Avenue, 29th Floor | 1701 Market Street |
| New York, NY 10016 | Philadelphia, PA 19103 |

Any member of the Class who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.  **Any Class Member who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.**

**PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF THE COURT, CHASE'S COUNSEL, OR CHASE FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.**

DB1/62694672.11

# FORM 1

†

# **Consent to Join Settlement Form**

### **ONLY TO BE FILLED OUT**

### **IF YOU WANT TO PARTICIPATE IN THE SETTLEMENT**

By my signature below, I hereby consent to be a party-plaintiff in this action pursuant to Rule 216(b) of the FLSA, will be bound by the settlement and waive and release the Chase Releasees from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including, but not limited to, minimum wage, unpaid wages, premium pay, deductions, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, other alleged wage-and-hour violations, and retaliation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*. Additionally, I waive and release the Chase Releasees from any and all New York State law wage-and-hour claims, including claims under the New York Labor Law, but not including claims for bonuses or commissions claimed to have been earned during the Released Period.

Name:_____

Maiden/Former Name:_____

Address:_____

Social Security No.:_____

Date:_____

2

# FORM 2

DB1/62694672.11

# OPT-OUT FORM

### ONLY TO BE FILLED OUT

### IF YOU <u>DO NOT</u> WANT TO PARTICIPATE IN THE SETTLEMENT

By my signature below, I am giving notice that I am opting-out of this Settlement. I understand that I <u>will not</u> be eligible to receive any cash payment available to me.

Name:_____

Maiden/Former Name:_____

Address:_____

Social Security No.:_____

Date:_____

‡

# EXHIBIT B

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE RAIKOS, Individually, and on behalf of other similarly situated persons,<br><br>     Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE & CO.,<br><br>     Defendant. | Civil Action No. 1:08-cv-01274-JGK<br><br>**ELECTRONICALLY FILED** |

## <u>PRELIMINARY APPROVAL ORDER</u>

**AND NOW**, this _____ day of _____, 2009, upon consideration of Class

Counsel's Motion, and the Court being fully apprised of the facts, the Court hereby **ORDERS**

and **DECREES** the following:

  1.  The Court certifies in accordance with the Stipulation and for purposes of

settlement only, the following Class:

> Current and former persons employed by JPMorgan Chase Bank, N.A. ("Chase") as a loan officer, account executive, account executive/loan officer, BC retail loan officer-off, HL officer – account executive non prime, and/or home loan officer-account executive in the State of New York at any time from February 7, 2002 through the date of Preliminary Approval.

  2.  The Court appoints George Raikos as Settlement Class Representative.

  3.  The Court appoints Adam T, Klein, Esquire, Outten & Golden LLP, 3 Park

Avenue, 29th Floor, New York , NY 10016 and George A. Hanson, Esquire, Stueve Siegel

Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri as Class Counsel.

  4.  The Court appoints _____ as Claims Administrator.

6

5.      The Court approves the form of the Class Notice attached to the Parties'

Stipulation.  The Class Notice is to be mailed by the Claims Administrator, by first class mail, to

the Class Representative and Settlement Class Members to their last known address within

twenty-eight (28) days of this Order.

6.      Class Members shall mail all requests to exclude themselves from the proposed

Settlement to the Claims Administrator, in accordance with the Stipulation, Class Notice and

instructions thereto.  Class Members shall be provided sixty (60) days from the date of mailing

of the Class Notice to return any Exclusion/Opt-Out Form.

7.      Class Members shall assert all objections to the Settlement to the Court, in

accordance with the Stipulation, Class Notice and instructions thereto.

8.      This Order, the underlying Stipulation, as well as any attachments thereto, shall

not be cited in any matter for the purpose of seeking class or collective action certification or

class or collective action notice.

9.      A final approval hearing is set for _____, 2009.


            IT IS SO ORDERED this ____ day of _____, 2009.


                                    _____
                                    United States District Judge Koeltl

7

DB1/62694672.11

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE RAIKOS, Individually, and on behalf of
other similarly situated persons,

                Plaintiff,

    v.

JPMORGAN CHASE & CO.,

                Defendant.

Civil Action No. 1:08-cv-01274-JGK

**ELECTRONICALLY FILED**

## ORDER DETERMINING GOOD FAITH
## AND GRANTING FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the Motion of Class Counsel, for an order and judgment finally approving the Stipulation and Settlement Agreement dated _____, 2009 and dismissing with prejudice all claims in this matter.  After reviewing the Stipulation and other related materials submitted by the Parties, and considering any and all objections raised to the settlement at the Final Approval Hearing held on _____, 2009, and otherwise being fully apprised of all of the facts, the Court hereby enters the following Final Order and Judgment:

       1.      The Court certifies the Settlement Class, as defined above, for purposes of settlement of this action only.

       2.      The Class Notice given to the members of the Settlement Class adequately informed the Class Members of the terms of the Stipulation, the process available to them to obtain monetary relief, their right to Opt Out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the final

†

approval hearing regarding the approval of the Stipulation.  The Court finds that the Class Notice provided satisfies the requirements of Fed. R. Civ. R. 23(e)(1)(B).

3.      The Court hereby approves the Stipulation and finds that the settlement is fair, reasonable, and adequate to all members of the Settlement Class.  The Court finds that extensive investigation, research and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with further prosecution of this Action.  The Court further finds that the Stipulation has been reached as a result of intensive, arms-length negotiations.

4.      Class Counsel shall be awarded the amount of _____ for fair and reasonable attorneys' fees and litigation expenses incurred n the prosecution of this litigation, such award to be paid from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class counsel as specified in the Stipulation.  The Settlement Administrator shall be awarded _____ for its reasonable fees and expenses incurred in the administration of the settlement.  Such awards are to be paid from the Settlement Amount as specified in the Stipulation.

5.      George Raikos, who performed substantial services for the benefit of the settlement class, shall be awarded _____ as a service payment.

6.      The Court finds and determines that the payments to the members of the Settlement Class, as provided in the Stipulation and to be paid by the Settlement Administrator, are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Class who did not exclude themselves from the Settlement.

7.      The Court hereby dismisses all clams and actions in this matter and the claims of all Settlement Class members based on or arising out of any acts, facts, transactions, occurrences, representations or omissions alleged in the Complaint in this matter on the merits and with prejudice and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

8.      All persons who are members of the Settlement Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature and character whatsoever in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Chase arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representations or omissions alleged in the Complaint in this matter.

9.      This Order, the underlying Stipulation, as well as any attachments thereto, shall not be cited in any matter for the purpose of seeking class or collective action certification or class or collective action notice.

10.     The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Stipulation and this Order.


IT IS SO ORDERED this _____ day of _____, 2009.


_____
United States District Judge Koeltl

3