EXHIBIT 7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE RAIKOS, Individually, and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO.,<br><br>Defendant. | Civil Action No. 1:08-cv-01274-JGK<br><br>**ELECTRONICALLY FILED** |

## CLASS NOTICE

## NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION

### NOTICE OF SETTLEMENT HEARING AND HEARING REGARDING APPLICATION FOR ATTORNEYS' FEES, COSTS AND COMPENSATION TO NAMED CLASS REPRESENTATIVE

### EXCLUSION PROCEDURES

**TO:** All current and former persons employed by JPMorgan Chase Bank, N.A. ("Chase") as a loan officer, account executive, account executive/loan officer, BC retail loan officer-off, HL officer – account executive non prime, and/or home loan officer-account executive (the "Covered Positions") in the State of New York at any time from February 7, 2002 through _____ (ENTER PRELIMINARY APPROVAL DATE) who have not previously executed a valid release with Defendant JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., or any of their affiliates.

**If you are receiving this Notice, you may be entitled to share in the recovery of this class and collective action. PLEASE READ THIS NOTICE CAREFULLY.**

**EVEN IF YOU INTEND NOT TO PARTICIPATE IN THE SETTLEMENT, YOUR LEGAL RIGHTS MAY BE AFFECTED. PLEASE CONTINUE READING.**

Pursuant to the Order of the United States District Court for the Southern District of New York entered on **[INSERT DATE OF APPROVAL ORDER]**, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

†

A Settlement has been reached between the named parties ("Parties") in the action pending in the United States District Court for the Southern District of New York titled *George Raikos, individually and on behalf of other similarly situated persons v. JPMorgan Chase & Co.,* No. 08-CV-01274 ("Action"), which purports to assert claims under both the federal Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on behalf of all individuals described above (the "Class Members"). **The terms of the Settlement have been preliminarily approved by the Court as fair and reasonable.**

You have received this Notice because Chase's records indicate that you are one of the Class Members. This Notice is designed to inform you of how you will receive payment under the Settlement. If you do not wish to participate in the Settlement, you may exclude yourself pursuant to Section ___ below. By excluding yourself, you will not be eligible to receive any payment or benefits from the Settlement.

I.   **BACKGROUND OF THE CASE**

On February 7, 2008, Plaintiff George Raikos (the "Class Representative") commenced this Action. The Class Representative alleged on behalf of a purported class of all persons employed by Chase in a Covered Position located in the State of New York that he and the members of the purported class were not paid proper overtime compensation, and in the course of not paying overtime compensation, Chase did not keep accurate records of all hours worked.

The Class Representative believes that the Action is meritorious based on alleged violations of the FLSA and NYLL, and that the Action is appropriate for collective and class treatment. Chase denies any liability or wrongdoing of any kind associated with the claims alleged, contends that it properly compensated the Class Representative and the Class Members, and contends that, for any purpose other than Settlement, this Action is not appropriate for class or collective action treatment pursuant to Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b), respectively.

After good-faith negotiations, the parties agreed to settle the Action pursuant to the terms and conditions of the Settlement. The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or will be construed as an admission by Chase that claims in the Action have merit or that it has any liability to the Class Representative or any Class Member on those claims.

The Class Representative, Chase, and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation, and that the Settlement is fair, reasonable, and adequate and is in the best interests of the members of the Class Members.

**The Court reviewed the terms of Settlement proposed by Chase and the Class Representative and has preliminarily approved it as fair and reasonable.**

- **If you wish to receive a settlement award, you must follow the procedures outlined below in Section __. If you follow those procedures, after the Court has granted final approval of the Settlement, you will receive your Settlement Share in the mail. By timely submitting a Consent to Join Settlement Form, attached as Form 1 to this Notice, or by endorsing and executing the Settlement Share check, you will be bound by the Settlement as to both your state and federal claims.**

- **If you wish to be excluded from the Settlement, you must follow the procedures outlined below in Section ___. If you follow those procedures, you will not be bound by the Settlement as to either your state or federal claims, and you will not receive a settlement award.**

II.     SUMMARY OF THE SETTLEMENT

The Settlement provides for the following:

    A.     Who is included in the Settlement?

You are included in the Settlement if you meet all of the conditions set forth in the beginning of this Notice.

    B.     What will I receive from the Settlement?

Your potential monetary award will be determined by: (a) your time in a Covered Position; and (b) the number of weeks you worked in a Covered Position during the maximum applicable limitations period for which you have not executed a valid release. The Settlement Share payments will be reduced, in part, by applicable tax deductions and withholdings for part of your payment. As an example, if you worked in New York as a loan officer or account executive from **[INSERT SAMPLE DATES]**, you would be eligible to receive $_____, less applicable tax deductions and withholding.

    C.     When will I receive my Settlement Share payment?

The Settlement Share payments will be paid after the deadline for Class Members to exclude themselves from the Settlement has passed and all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

    D.     Claims Administrator

The Court has appointed _____ to act as an independent Claims Administrator and to resolve any dispute concerning a Class Member's eligibility to participate in the Settlement.

### E. Who is representing the Class Members?

The attorneys for the Class Members ("Class Counsel") are Adam T, Klein, Esquire, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016 and George A. Hanson, Esquire, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri. However, any questions regarding this Notice should be directed to the Claims Administrator, _____, [**INSERT ADDRESS AND TELEPHONE NUMBER**].

### F. Release of Claims – What You Give Up By Not Excluding Yourself From The Settlement.

By either executing and timely submitting a Consent to Join Settlement Form or endorsing and executing a Settlement Share check, you consent to be a party-plaintiff in this Action pursuant to Rule 216(b) of the FLSA, will be bound by the settlement and deemed to have waived and released Defendant JPMorgan Chase & Co. and Defendant JPMorgan Chase Bank, N.A. and all of their affiliates, including, without limitation, any parents and subsidiaries, affiliated entities, predecessors, successors, divisions, joint ventures and assigns, and any of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (the "Chase Releasees") from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including, but not limited to, minimum wage, unpaid wages, premium pay, deductions, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, other alleged wage-and-hour violations, and retaliation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*. Additionally, you will be deemed to have waived and released the Chase Releasees from any and all New York State law wage-and-hour claims, including claims under the New York Labor Law, but not including claims for bonuses or commissions claimed to have been earned during the Released Period.

### G. Attorneys' Fees

The Court has preliminarily approved payment from the Settlement to Class Counsel of attorneys' fees and costs and expenses incurred in representing the Class Action. You are not responsible for any attorney fees.

### H. Costs of Administration

The costs of administering the Settlement also will be deducted from the Settlement Amount.

### I. Taxes

Class Members shall be solely responsible for the reporting and payment of the employee's share of any federal, state and/or local income or other tax or any other withholdings, if any, on the

payments made pursuant to this Settlement. Class Members are advised to seek their own tax advice prior to acting in response to this Notice.

### III.  CLASS REPRESENTATIVE AND CLASS COUNSEL SUPPORT THE SETTLEMENT.

The Class Representative and Class Counsel support this Settlement. Their reasons include the inherent risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, the Class Representative and Class Counsel believe that the Settlement is fair, reasonable, and adequate.

### IV.  WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

The Class Representative and Class Counsel represent your interests as a Class Member. If you are a Class Member and do not opt-out of the Settlement, you will be bound by the terms of the Settlement, and you will be deemed to have released your claims against the Chase Releasees as described above. Moreover, you will not be responsible for the payment of attorneys' fees or reimbursement of litigation expenses unless you retain your own counsel, in which event you will be responsible for your own attorneys' fees and costs.

#### A.  Claiming Your Share of the Settlement

If you choose to participate in the settlement and are entitled to receive a payment from the Class Member Distribution Amount, you must complete the Consent to Join Settlement Form, attached as Form 1 to this Notice, and mail it to the Claims Administrator, _____, postmarked by ____. After the Court has granted final approval of the Settlement, you will receive your Settlement Share check issued by _____ in the mail. By timely submitting a Consent to Join Settlement Form or by endorsing and executing the Settlement Share check, you will be bound by the Settlement as to both your state and federal claims.

#### B.  Procedure for Exclusion

To exclude yourself from the Settlement, you must complete and mail the Opt Out Form, attached as Form 2 to this Notice, _____ [INSERT ADDRESS AND TELEPHONE #], postmarked by ___, expressing your desire to be excluded from the Settlement. If you wish to request exclusion from the Settlement, the Opt Out Form must include your name (and former names, if any), current address, telephone number and social security number. In addition, it must be postmarked on or before _____. Opt Out Forms that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void and ineffective. Persons who do submit valid and timely Opt Out Forms will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Final Judgment in this Action.

## V. SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT

A hearing (the "Settlement Hearing") will be held before the Honorable Judge Koeltl on _____ 2009 in Courtroom __, ____ Floor at _____a.m. at the United States District Court, Southern District of New York, which is located at the U.S. Courthouse, _____ (the "Court"), to determine, as a final matter, whether the proposed Settlement of the Action is fair, adequate and reasonable, and whether the Action should be dismissed on the merits with prejudice. The hearing may be adjourned by the Court from time to time as the Court may without further notice direct.

Any Class Member may appear in person or through counsel at the Settlement Hearing and be heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and reasonable, or why a final judgment dismissing the Action against Chase with prejudice should or should not be entered. No Class Member, however, shall be heard or entitled to object and no papers or briefs submitted by any such person shall be received or considered by the Court unless written notice of intent to appeal at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and have been served personally on or before _____, 2009, or if by mail then postmarked no later than _____, 2009, upon all of the following:

>       Adam Klein, Esquire                    Sarah E. Bouchard, Esquire
>       Outten & Golden LLP                    Morgan, Lewis & Bockius LLP
>       3 Park Avenue, 29th Floor              1701 Market Street
>       New York, NY 10016                     Philadelphia, PA 19103

Any member of the Class who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement. **Any Class Member who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.**

**PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF THE COURT, CHASE'S COUNSEL, OR CHASE FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.**

# FORM 1

†

# Consent to Join Settlement Form

**ONLY TO BE FILLED OUT**

**IF YOU WANT TO PARTICIPATE IN THE SETTLEMENT**

By my signature below, I hereby consent to be a party-plaintiff in this action pursuant to Rule 216(b) of the FLSA, will be bound by the settlement and waive and release the Chase Releasees from any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including, but not limited to, minimum wage, unpaid wages, premium pay, deductions, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, other alleged wage-and-hour violations, and retaliation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*. Additionally, I waive and release the Chase Releasees from any and all New York State law wage-and-hour claims, including claims under the New York Labor Law, but not including claims for bonuses or commissions claimed to have been earned during the Released Period.

Name:_____

Maiden/Former Name:_____

Address:_____

Social Security No.:_____

Date:_____

2

# FORM 2

DB1/62694672.11

# **OPT-OUT FORM**

**ONLY TO BE FILLED OUT**

**IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT**

By my signature below, I am giving notice that I am opting-out of this Settlement. I understand that I will not be eligible to receive any cash payment available to me.

Name:_____

Maiden/Former Name:_____

Address:_____

Social Security No.:_____

Date:_____