UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/09
```

GEORGE RAIKOS, Individually, and on behalf of other similarly situated persons,

           Plaintiff,

v.

JPMORGAN CHASE & CO.,

           Defendant.

Civil Action No. 1:08-cv-01274-JGK

**ELECTRONICALLY FILED**

## PRELIMINARY APPROVAL ORDER

**AND NOW**, this 27TH day of October, 2009, upon consideration of Class Counsel's Motion, and the Court being fully apprised of the facts, the Court hereby **ORDERS** and **DECREES** the following:

1. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes only ("Settlement Class"):

    Current and former persons employed by JPMorgan Chase Bank, N.A. ("Chase") as a loan officer, account executive, account executive/loan officer, BC retail loan officer-off, HL officer – account executive non prime, and/or home loan officer-account executive in the State of New York at any time from February 7, 2002 through the date of Preliminary Approval.

2. Plaintiff meets all of the requirements for settlement class certification under Fed. R. Civ. P. 23(a) and (b)(3).

3. Plaintiff satisfies Fed. R. Civ. P. 23(a)(1), for purposes of certification of a settlement class only, because there are approximately 668 Class Members and, thus, joinder is impracticable.

6

4. Plaintiff satisfies Fed. R. Civ. P. 23(a)(2), for purposes of certification of a settlement class only, because Plaintiffs and the class members share common issues of fact and law, including whether Defendants complied with applicable wage-and-hour laws.

5. Plaintiff satisfies Fed. R. Civ. P. 23(a)(3), for purposes of certification of a settlement class only, because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims.

6. Plaintiff satisfies Fed. R. Civ. P. 23(a)(4), for purposes of certification of a settlement class only, because Plaintiff will fairly and adequately protect the interests of the class.

7. Plaintiff also satisfies Rule 23(b)(3), for purposes of certification of a settlement class only, because common factual allegations and a common legal theory predominate over any factual or legal variations among class members and because class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8. The Court appoints George Raikos as Settlement Class Representative.

9. The Court appoints Adam T, Klein, Esquire, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016 and George A. Hanson, Esquire, Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). See Damassia ~~, 250~~ v. Duane Reade, Inc., 250 F.R.D. 152, 165 (S.D.N.Y. 2008) ~~F.R.D. at 165~~ (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will

7

commit to representing the class") ~~(internal quotation marks omitted)~~.

4. The Court appoints Settlement Services, Inc. as Claims Administrator.

5. The Court approves the form of the Class Notice attached to the Parties' Stipulation. The Class Notice is to be mailed by the Claims Administrator, by first class mail, to the Class Representative and Settlement Class Members to their last known address within forty-five (45) days of this Order.

6. Class Members shall mail all requests to exclude themselves from the proposed Settlement to the Claims Administrator, in accordance with the Stipulation, Class Notice and instructions thereto. Class Members shall be provided sixty (60) days from the date of mailing of the Class Notice to return any Exclusion/Opt-Out Form.

7. Class Members shall assert all objections to the Settlement to the Court, in accordance with the Stipulation, Class Notice and instructions thereto.

8. This Order, the underlying Stipulation, as well as any attachments thereto, shall not be cited in any matter for the purpose of seeking class or collective action certification or class or collective action notice.

9. A final approval hearing is set for March 26, 2010 at 2:30 pm.

IT IS SO ORDERED this 27 day of October, 2009.

_____
United States District Judge Koeltl

8